**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Albert Brogdon, Jr., | ) No. CV 11-2459-PHX-RCB (MEA) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| Phoenix Police Department, et al., | ) |
| Defendants. | ) |

Plaintiff George Albert Brogdon, Jr., who is confined in Maricopa County's Fourth Avenue Jail in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 in Maricopa County Superior Court, case# CV2011-01435 on August 4, 2011.[1] (Doc. 1, Complaint.) Plaintiff named the Phoenix Police Department and Phoenix Police Officers Lubker and Boardman as Defendants. On November 21, 2011, Defendant Boardman was served with the Complaint. (Id.) On December 12, 2011, all of the Defendants removed the case to federal court. (Id.) On December 19, 2011, the Defendants filed their Answer and a motion to dismiss for failure to state a claim. (Doc. 3, 5.) The Complaint facially supports that subject matter jurisdiction is proper in federal court and that the case was timely removed after service of the Complaint on Boardman. However, the Court will dismiss this action because it contains identical claims to those in Plaintiff's previously-filed federal case

---

[1] Plaintiff previously filed an action raising the same claims presented in the Complaint filed in this case. See Brogdon v. Phoenix Police Department, No. CV 11-1389-PHX-RCB (MEA). In that case, the Phoenix Police Department was dismissed and Defendants Boardman and Lubker were ordered served. See doc. 5. That case remains pending.

as duplicative and will deny Defendants' motion to dismiss as moot.

**I.      Removal to Federal Court was Proper**

A defendant may remove any civil action brought in state court over which the federal court would have original jurisdiction. 28 U.S.C. §1441(a). That is, a civil action that could have originally been brought in federal court may be removed from state to federal court. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). A federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The Complaint in this case facially supports that subject matter jurisdiction exists in federal court because Plaintiff alleges violations of his federal constitutional rights. 28 U.S.C. §§ 1441, 1442. Further, a Defendant removed the action from state court within 30 days after being served. 28 U.S.C. § 1446(b). The Court concludes this case was properly removed.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Because this action is duplicative, it will be dismissed.

**III.    Procedural History and Complaint**

Besides the present action, Plaintiff filed another civil rights complaint alleging the same claims at issue in this case. See Brogdon v. Phoenix Police Department, No. CV 11-1389-PHX-RCB (MEA) (D. Ariz.). This action was filed on August 4, 2011, or approximately one month after Plaintiff commenced CV11-1389 alleging substantially the same claims. Plaintiff has not provided any reason for filing duplicative case.

**IV.    A Duplicative Action Must Be Dismissed**

An *in forma pauperis* complaint that merely repeats pending or previously litigated

claims may be considered abusive and dismissed under 28 U.S.C. § 1915(e).[2] <u>Cato v. United States</u>, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); see also <u>McWilliams v. State of Colorado</u>, 121 F.3d 573, 574 (11th Cir. 1997) (repetitious action may be dismissed as frivolous or malicious); <u>Aziz v. Burrows</u>, 976 F.2d 1158 (9th Cir. 1992) ("district courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party"); <u>Bailey v. Johnson</u>, 846 F.2d 1019, 1021 (5th Cir. 1988) (repetitious litigation of virtually identical causes of action is subject to dismissal as malicious). Accordingly, the Complaint and this action will be dismissed as duplicative of <u>Brogdon v. Phoenix Police Department</u>, No. CV 11-1389-PHX-RCB (MEA) (D. Ariz.).

**IT IS ORDERED:**

(1) The Complaint and this action are **dismissed** without prejudice as duplicative. (Doc. 1.)

(2) Defendants' motion to dismiss is **denied** as moot. (Doc. 5.)

(3) The Clerk of Court must enter judgment accordingly.

Dated this 27th day of December, 2011.

_____
Robert C. Broomfield
Senior United States District Judge

---

[2] Plaintiff commenced this action in Superior Court and was granted deferment or waiver of the filing fee. See http://www.superiorcourt.maricopa.gov/docket/CivilCourtCases/caseInfo.asp?caseNumber=CV2011-014351 (last visited Dec. 20, 2011).